# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Bryan Jordan, | C/A No.: 1:23-4720-DCN-SVH |
| Petitioner, | |
| vs. | |
| South Carolina Department of Corrections Office of Investigations and Intelligence; Matt Watson; and Richard A. Darling, | ORDER AND NOTICE |
| Respondents. | |

Joshua Bryan Jordan ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Although Plaintiff placed the civil action number of a previously-filed civil rights case on this filing,[1] he titled the filing as a petition for writ of habeas corpus. [ECF No. 1]. Because a petition for writ of habeas corpus is not properly filed within a civil rights action, the Clerk of Court filed it as a case.

---

[1] Plaintiff placed 2:22-3521-DCN-SVH ("*Jordan I*") on his petition, which is a civil rights action that is currently stayed pending resolution of Plaintiff's criminal charges. Plaintiff has also filed a notice of appeal in *Jordan I*.

Plaintiff argues the court may intervene in his underlying criminal case because Respondents' have shown alleged bad faith by the alleged use of false and fabricated evidence. [ECF No. 1 at 2].

He further appears to try to remove his state criminal case to federal court. *Id.* at 3. He argues he has complied with 28 U.S.C. § 1455.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

1.   *Younger* Abstention

Petitioner filed the instant habeas petition seeking immediate release. [ECF No. 1]. Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, federal habeas relief is available under § 2241 only if exceptional circumstances justify the provision of federal review. *Dickerson*, 816 F.2d at 227.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v.*

3

*Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals ("Fourth Circuit") has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner states he is currently detained pending disposition of state criminal charges, satisfying the first part of the test. The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d

4

at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner can pursue his speedy trial violation, excessive bail, and ineffective assistance of counsel claims during the disposition of his criminal charges. Accordingly, Petitioner's petition is subject to summary dismissal. *See Younger*, 401 U.S. at 43–44.

2. No Removal Jurisdiction

Plaintiff's attempt to remove his state criminal case to this court also fails. In the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances permitted by 28 U.S.C. §§ 1442, 1442a, and 1443. *South Carolina v. Guidetti*, No. 6:11-3365-HMH-JDA, 2011 WL 6979991, at *2 (D.S.C. Dec. 20, 2011). Although 28 U.S.C. § 1455 contains the procedural requirements for removing a state criminal case to this court, Plaintiff has not shown he has met the substantive requirements contained in 28 U.S.C. §§ 1442, 1442a, and 1443. For instance, to qualify for removal pursuant to 28 U.S.C. § 1442, a defendant must establish several elements, including that he is an officer of the United States or a person acting under an officer of the United States. *Bald Head Ass'n v. Curnin*, No. 7:09-CV173-F, 2010 WL 1904268, at *3–5 (E.D.N.C. May 10, 2010), *dismissed in part and aff'd in part*, No. 10-1655, 2011 WL 1936083 (4th Cir. May 20, 2011).

In the present action, Defendant does not allege that he meets the substantive requirements for removing a criminal action.

## NOTICE CONCERNING AMENDMENT

Petitioner may attempt to correct the defects in his habeas petition by filing an amended petition by **October 17, 2023**. Petitioner is reminded that an amended petition replaces the original petition and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Petitioner files an amended petition, the undersigned will conduct screening of the amended petition pursuant to 28 U.S.C. § 1915A. If Petitioner fails to file an amended petition or fails to cure the deficiencies identified above, the court will recommend to the district court that the case be dismissed.

IT IS SO ORDERED.

September 26, 2023                                                Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

6